IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRISTINE COLLIER,

    Plaintiff,

    v.

MARTIN O'MALLEY,[1]
*Commissioner of Social Security*,

    Defendant.

Case No. 2:23-cv-232

**OPINION & ORDER**

Before the Court is Plaintiff Christine Collier's Motion for Attorneys' Fees. ECF No. 18. For the reasons stated herein, the motion is **GRANTED WITH MODIFICATIONS.**

**I.    BACKGROUND**

On May 30, 2023, the plaintiff filed a Complaint under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Social Security Commissioner, Martin O'Malley, who denied her claim for disability insurance benefits. ECF No. 1.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this action. *See* 42 U.S.C. § 405(g).

The Administrative Law Judge found that the plaintiff retained residual functional capacity for "unskilled light jobs existing in significant numbers in the national economy." ECF No. 22 at 2.

On November 22, 2023, the plaintiff filed a "Brief in Support of a Social Security Appeal" in this Court. ECF No. 12. The Commissioner filed a Consent Motion to Remand on December 18, 2023. ECF No. 13. The following day, the Court granted the consent motion and dismissed the matter with prejudice. ECF No. 15.

On March 18, 2024, the plaintiff filed a Motion for Attorneys' Fees. ECF No. 18. The plaintiff seeks an award of $11,522.80 in attorney fees for 46.9 hours of attorney time and 1.5 hours of paralegal time. *Id.*; *see* ECF No. 19-2. The Commissioner filed a response in opposition to the motion on April 1, 2024. ECF No. 22. The Commissioner suggests an award of attorneys' fees in an amount between $6,337.54 to $6,913.68. ECF No. 22 at 2. Subsequently, the plaintiff filed a reply brief on April 5, 2024. ECF No. 23. The plaintiff seeks an additional 4.9 hours in attorneys' fees for time spent preparing her reply brief. *Id.* at 13; ECF No. 23-1.

## II. LEGAL STANDARD

### A. Attorneys' Fees Under the Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") provides that a district "court shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded . . . incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A). In order to obtain an attorneys' fee award under the EAJA, the claimant must meet four requirements:

> (1) that the claimant be a prevailing party;[2]
>
> (2) that the Government's position was not substantially justified;
>
> (3) that no special circumstances make an award unjust; and
>
> (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (citations and quotation marks omitted). The plaintiff bears the burden of establishing the award amount to which they are entitled. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). If the plaintiff satisfies the threshold requirements for a fee award, the "court is accorded substantial discretion in fixing the amount of an EAJA award but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quotation marks omitted) (citing *Jean*, 496 U.S. at 163); *see* 28 U.S.C. § 2412(d)(2)(A) (requiring a "reasonable" award).

In assessing the reasonableness of an EAJA fee award, courts compare the requested amount to the "lodestar amount," which is calculated "by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). "Once calculated, the lodestar figure may be

---

[2] "A plaintiff who wins remand is a prevailing party under the EAJA." *Jacobs v. Colvin*, 107 F. Supp. 3d 494, 498 (E.D. Va. 2014) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)) *aff'd,* 606 F. App'x 122 (4th Cir. 2015) (unpublished).

adjusted upward or downward to reflect any [enumerated] factors that were not adequately subsumed in the calculation." *Faircloth v. Colvin*, No. 2:13-cv-156, 2014 WL 5488809, at *5 (E.D. Va. Oct. 29, 2014). These factors are:

    (1)    the time and labor expended;

    (2)    the novelty and difficulty of the questions raised;

    (3)    the skill required to properly perform the legal services rendered;

    (4)    the attorney's opportunity costs in pressing the instant litigation;

    (5)    the customary fee for like work;

    (6)    the attorney's expectations at the outset of the litigation;

    (7)    the time limitations imposed by the client or circumstances;

    (8)    the amount in controversy and the results obtained;

    (9)    the experience, reputation and ability of the attorney;

    (10)    the undesirability of the case within the legal community in which the suit arose;

    (11)    the nature and length of the professional relationship between attorney and client; and

    (12)    attorneys' fees awards in similar cases.

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010) (also known as "*Johnson* factors") (citation and quotation marks omitted). Fee requests should exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Similarly, purely clerical tasks constitute "overhead and are not compensable as EAJA attorney fees." *Abusamhadaneh v. Taylor*, No. 1:11-cv-939,

2013 WL 193778, at *38 (E.D. Va. Jan. 17, 2013) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (distinguishing between paralegal tasks and purely clerical ones)).

## III. ANALYSIS

### A. Reasonable Rate

The starting point in the lodestar analysis is the reasonableness of the hourly rates claimed in the plaintiff's fee petition. The Court finds that the attorneys' requested hourly rate, $243.13, is reasonable because it is within the amount awarded in similar cases.[3] *See Frazier v. O'Malley*, No. 2:23-cv-257, 2024 WL 3463648, at *3 (E.D. Va. July 18, 2024) (finding a hourly attorney fee rate of $243.13 reasonable); *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 231 (E.D. Va. 2023) (accepting an attorney's hourly rate of $232.67).

The plaintiff also seeks compensation for paralegal time but did not provide an hourly rate for paralegal time. *See generally* ECF No. 19-2. To assess the reasonableness of the request, the Court directed the plaintiff to provide "itemized billing information, including the standard hourly billing rates, for paralegal work in this matter." ECF No. 24. But the plaintiff failed to provide the Court with the hourly billing rates for paralegal time and the time do so has expired. Thus, no award for paralegal entries will be granted.

---

[3] The Commissioner does not dispute the reasonableness of the attorney rate. ECF No. 22 at 1.

5

### B.     Reasonable Hours

The plaintiff provided a ledger to assist the Court in evaluating the reasonableness of hours expended. ECF No. 19-2. The ledger details in 6-minute increments the matters that each attorney and paralegal worked on behalf of the plaintiff's case. *See* ECF Nos. 19-2, 23-1. In sum, the plaintiff requests compensation for 53.3 hours on this matter.[4] *Id.*

Having reviewed the submitted billing records and time entries, the Court finds that the hours expended by the plaintiff during this matter require a downward adjustment because some of the listed entries are either non-compensable tasks or are excessive given the lack of complex issues in this matter.

#### i.     *Non-Compensable Tasks*

The Commissioner challenges multiple time-entries as reflecting non-compensable clerical work: 0.3 hours of attorney time spent to "[d]raft complaint, civil cover sheet (charge for complaint only)," 0.1 hours spent to "[r]eview motion for leave to proceed in forma pauperis, approve for filing," 0.1 hours to "[r]eview initial case documents and file for co-counsel (n/c for filing)," and 0.1 hours to "[r]eview initial case assignment to District Judge Jamar K. Walker and Magistrate Judge Lawrence R. Leonard." ECF No. 22 at 12–13, ECF No. 19-2 at 2. This amounts to 0.6 hours of attorney time.

The plaintiff's complaint consisted of only three pages that required "limited factual information, incorporate[d] no legal work, and could be completed by

---

[4] This calculation includes 48.4 hours of combined attorney and paralegal time for the underlying social security case and an additional 4.9 hours spent on fee litigation.

administrative staff in a matter of minutes." ECF No. 1; *April J. v. Kijakazi*, No. 8:21-cv-1584, 2022 WL 4017381, at *3 (D. Md. Sept. 2, 2022). Likewise, the time spent reviewing the initial case documents are non-compensable, clerical tasks. Given the simple nature of the case, the Court will deduct 0.5 hours from the plaintiff's time spent drafting the complaint and reviewing related documents.

### ii.   *Novelty and Complexity*

The Court finds that the number of hours plaintiff's counsel logged and number of timekeepers staffed for review, note-taking, and briefing this matter is excessive. The issues the plaintiff raised were neither novel nor difficult. And the plaintiff did not face many obstacles in litigating this matter. For example, the plaintiff filed one dispositive motion that focused on her need for an assistive device. *See* ECF No. 12 at 6–12. This matter turns on "standard issues in social-security cases" that did not require particular skill above and beyond that of an ordinary attorney in the field. *Martin v. Kijakazi*, 689 F. Supp. at 229. Further, the Commissioner did not oppose the motion and agreed to a consent motion to remand. ECF No. 13.

The plaintiff spent 43.9 hours simply to review the administrative record and draft the brief. ECF No. 19-2 at 3. This exceeds the typical range of 20 to 40 hours that courts across this country have found to be reasonable for the *entirety* of a social security case. *See, e.g.*, *Faircloth*, 2014 WL 5488809, at *7; *Tillack v. Berryhill*, No. 15-cv-6306, 2017 WL 3976308, at *1 (W.D.N.Y. Sept. 11, 2017). That is a sign that the plaintiff's fees are unreasonably high. And while the record in this case may be larger than average, that factor, standing alone, cannot transform the plaintiff's unreasonable request into a reasonable one.

7

Further, the vague nature of the plaintiff's time entries warrants a reduction. The plaintiff's time entries reflect 43.9 hours of attorney time related to review of the administrative record and drafting of the brief: 7.3 hours to "[b]egin review of certified administrative record, taking notes and organizing facts;" three entries of 7.9 hours, 8.1 hours, and 8.2 hours to "[c]ontinue reviewing CAR, taking notes and organizing facts;" 4.4 hours to "[f]inish review of CAR, taking notes and organizing facts;" 3.6 hours "[d]rafting procedural history and drafting facts;" 3.7 hours "[r]esearching issues and drafting argument;" 0.5 hours for "[p]eer attorney review of draft brief, suggest edits;" and 0.2 hours to "[i]mplement suggested edits, finalize draft brief, send to local counsel for review." ECF No. 19-2 at 3.

While attorneys "need not describe the minutiae of their review of each part of the record for a court to have a sufficiently clear understanding of the task performed," *Martin*, 689 F. Supp. 3d at 229, the lack of specificity (*i.e.*, what portions of the CAR were under review) makes it difficult for the Court to further assess the reasonableness of these time entries. *See Bobbie D. v. O'Malley*, No. 3:22-cv-738, 2024 WL 1119462, at *5 (E.D. Va. Mar. 14, 2024) (time entries for "reviewing," "taking notes," and "drafting" failed to explain what portion of those hours were devoted to specific tasks); *Abusamhadaneh* , 2013 WL 193778, at *21 ("[M]any of counsel's billing entries are so descriptively vague that the Court cannot determine with any certainty whether the activities they purport to describe were necessary or reasonable within the context of the litigation.").

In addition, some time entries indicate a duplication of efforts given the number of timekeepers involved in the review of the CAR and briefing. *See* ECF No. 19-2. *See Faircloth*, 2014 WL 5488809, at *9 ("When a task or issue does not require the use of multiple attorneys, the Court should award fees for the time of one attorney" can reduce a fee award based on "entries for editing and reviewing each other's work.") (quotation marks and citation omitted)).

Having considered the time entries and record in this case, the Court finds the overall time requested for reviewing, researching, and drafting the plaintiff's brief is excessive and duplicative given the relatively straight-forward issues presented. That alone justifies a reduction by one-third of time spent on these tasks. *Bobbie D.*, 2024 WL 1119462, at *5 (reducing the fee award by one-third because of "the relatively straight-forward issues," vague time entries, and duplicative efforts). The Court's reduction adjusts the 43.9 hours requested for reviewing, researching, and drafting the plaintiff's brief by 14.6 hours.

The plaintiff also seeks an additional 4.9 hours in attorneys' fees related to the preparation of her reply brief. ECF No. 23 at 13; ECF No. 23-1. The Commissioner argues the Court should "proportionately reduce" the plaintiff's request for additional fees for fee litigation. ECF No. 22 at 14. But it is "well-settled that reasonable time and expenses spent preparing a fee petition are compensable." *Am. Canoe Ass'n, Inc. v. U.S. E.P.A.*, 138 F. Supp. 2d 722, 746 (E.D. Va. 2001). Moreover, the time spent is not excessive or unreasonable. Therefore, the Court will not reduce the 4.9 hours in fees sought in connection with preparation of the plaintiff's reply brief.

### *iii.* *Lodestar Amount Calculation*

The reductions in time already made—1.5 hours less for paralegal time, 0.2 hours less for preparing the complaint, 0.3 hours less for reviewing and filing the initial case documents, and 14.6 hours less to review the administrative record and draft the brief—leave a total attorney time of 37.9 hours. This reduction places the plaintiff squarely within the typical range for routine social security matters. *See, e.g.*, *Faircloth*, 2014 WL 5488809, at *7; *Fryar v. Saul*, No. 7:19-cv-198, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021). With an attorney rate of $243.13, plaintiff is therefore awarded $9,214.62.

## IV. CONCLUSION

Plaintiff Christine Collier's Motion for Attorneys' Fees, ECF No. 18, is **GRANTED WITH MODIFICATIONS.**

Plaintiff's Counsel shall be **AWARDED** $9,214.62 in attorneys' fees to be paid by Commissioner of Social Security, Defendant Martin O'Malley.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 13, 2024